IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID HAUFF,

     Plaintiff,

                                      No. 1:09-cv-00639 PJK-DJS

vs.

MORGAN PETTERSON and
SAFECO INSURANCE COMPANY
OF AMERICA,

     Defendants.

ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Remand filed August 24, 2009.  Doc. 11.  Upon consideration thereof, the motion is not well taken and should be denied.[1]

Plaintiff (insured) seeks to certify a class to challenge Defendant Safeco Insurance Co. of America's (insurer's) policy of reducing lost wage claims in uninsured/underinsured motorist cases by 20% for taxes that would have been paid by the insured.  Plaintiff also has individual claims for bad faith and various statutory violations.

Plaintiff contends that Defendants have failed to establish the jurisdictional

---

[1] It appears that Plaintiff may entertain doubts about this motion, but it has not been withdrawn.  See Doc. 22, Ex. D.

amount necessary for removal under the Class Action Fairness Act, 28 U.S.C.

§ 1332(d)(2) ($5,000,000, exclusive of interests and costs) or for diversity

jurisdiction ($75,000, exclusive of interest and costs), 28 U.S.C. § 1332(a)(1).

See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005).

Plaintiff argues that a $100,000 offer of judgment made by Defendants

demonstrates that Defendants obviously valued the claim at less than $75,000

given that any such offer would be *inclusive* of interest and costs.  Doc. 12 at 2.

Plaintiff also suggests that Defendants have not been forthcoming about providing

information which would confirm the size of the class and the amounts, and that

should weigh against Defendants.  Doc. 12 at 5-7.

The court need not address the latter argument in the context of this motion

because a plaintiff's settlement demands are plainly relevant.  McPhail v. Deere

& Co., 529 F.3d 947, 954 (10th Cir. 2008).  On that score, it is uncontroverted

that prior to the removal of this case on June 30, 2009, but after receipt of

Defendants' $100,000 offer of June 3, 2009, Plaintiff made an offer to settle all

claims for $6.3 million.  Doc. 12 at 2; Doc. 14, Ex. A at 2 (June 5, 2009 letter).

Defendants therefore have established the underlying facts supporting jurisdiction

and it is not "legally certain" that any recovery would be less than the

jurisdictional amount.  See McPhail, 529 F.3d at 954-55.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion to Remand

filed August 24, 2009 (Doc. 11) is denied.

DATED this 29th day of October 2009, at Santa Fe, New Mexico.

_____Paul Kelly J._____
United States Circuit Judge
Sitting by Designation

Counsel:
Houston Ross, Albuquerque, New Mexico, for Plaintiff.

Robert A. Corchine and Steven J. Leibel, Dines & Gross, PC, Albuquerque, New
Mexico, Russell R. Yager, Brian Robison and Manuel Berrelez, Vinson & Elkins
L.L.P., Dallas, Texas, and David P. Blanke and Jennifer B. Poppe, Vinson &
Elkins L.L.P., Austin, Texas, for Defendants.