IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID HAUFF,

    Plaintiff,

    vs.                CIV. NO. 1:09-cv-00639-PJK-DJS

SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendant.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16.  The parties conferred and submit the following Pretrial Order.

### I.  APPEARANCES

Attorneys who will try the action:

| | |
|---|---|
| For Plaintiff | Houston Ross |
| | 423 Sixth Street NW |
| | Albuquerque, NM  87102 |
| | (505) 842-5264 |
| For Defendant | Robert A. Corchine |
| | Steven J. Leibel |
| | DINES & GROSS PC |
| | 6301 Indian School Road NE #900 |
| | Albuquerque, NM  87110 |
| | (505) 889-4050 |

    For other parties                    _____

                                          _____

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

    **1.  Was this action removed or transferred from another forum?** _X___Yes ____ No.

    If yes, was the action removed or transferred?

    __X___ Removed    _____ Transferred    _____ Original forum

    **2.  Is subject matter jurisdiction of this Court contested?**

    __X___    Uncontested    _____ Contested    _____ Party contesting

    **3.  Asserted basis for jurisdiction.**

    _____ Federal Question    __X___ Diversity    _____ Other

    Statutory Provision(s) Invoked: _____

**B.  Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested?**

    __X___ Uncontested _____ Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2. Is venue contested?**

    __X___ Uncontested _____ Contested    _____ Party contesting

**C. Are the proper parties before the Court?**

    __X___  Uncontested  _____  Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____

**D. Identify the affirmative relief sought in this action.**

1. Plaintiff seeks:  Plaintiff is seeking damages arising from an auto accident for which the defendants contracted to cover plaintiff for all damages he is legally entitled to recover from the uninsured driver.

2. Defendant seeks:

3. Other party seeks:

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:**  Plaintiff claims that he is entitled to damages as a resulted of an auto accident with an uninsured driver from the defendants with whom he had a contract of insurance that provided that the defendant would pay all damages he was legally entitled to recover from the uninsured driver.  This includes damages for pain and suffering, emotional distress, lost wages, loss of enjoyment of life, medical bills, nature, extend and duration of injury and punitive damages.

**B. Defendant's defenses:**  (*A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.*)

Defendant claims that Plaintiff suffered relatively minor injuries as a result of the June 11, 2005 accident and that he fully recovered from those injuries within approximately three (3) months after the accident.  Defendant further contends that Plaintiff was comparatively negligent in causing the accident by failing to keep a proper lookout.

**C. Claims or defenses of other party(s):**

   (*Where counterclaims or cross-claims exist, also give brief description.*)

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

None.

**B. Contested Material Facts.**

**1.** Plaintiff's Contentions:

1. That plaintiff purchase[d] auto insurance from defendant that included uninsured motorist coverage.

2. That plaintiff [was] involved in an auto accident with an uninsured driver on or about June 11, 2005.

All other facts inherent in the contentions of the plaintiff made in section III A.

**2.** Defendant's Contentions:

1. At all times material herein, Plaintiff was an insured under a New Mexico Personal Auto Policy issued by Safeco Insurance Company of America.  The policy included uninsured/underinsured motorist bodily injury coverage.

2. Plaintiff was involved in a motor vehicle accident on June 11, 2005 in Albuquerque, Bernalillo County, New Mexico in which his vehicle collided with a vehicle driven by Arturo Leon.

3. At the time of the accident, Mr. Leon was uninsured.

4. Defendant contends that Plaintiff suffered relatively minor injuries as a result of the June 11, 2005 accident and that he fully recovered from those injuries within approximately three (3) months after the accident.  Defendant further contends that Plaintiff was comparatively

negligent in causing the accident by failing to keep a proper lookout.

    **3.** Contentions of Other Party(s):

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

    \_\_\_\_\_ Yes    \_\_X\_\_\_ No

**If yes, identify the applicable law.**

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

    **1.** Plaintiff:  Plaintiff's [claims] are governed by the laws of the State of New Mexico.

    **2.** Defendant:  New Mexico substantive tort and contract law applies to this action.

    **3.** Other party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.    None.**

    **1.** Plaintiff

    **2.** Defendant

    **3.** Other Party

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

    **1.** Plaintiff --  Motion in Limine filed on June 24, 2010 (Doc. 57)

    **2.** Defendant – Motion to Exclude Testimony of Houston Ross filed on June 22, 2010 (Doc. 54); Motion to Exclude Testimony of Plaintiff's Expert Garth H. Allen filed on June 24, 2010 (Doc. 59); Motion for Separate Trials and Motion in Limine filed on June 22, 2010 (Doc. 55); First Motion in Limine filed on June 24, 2010 (Doc. 56).

   **3.** Other party

**B. Motions which may be filed:**

   **1.** Plaintiff:  The time to file motions has expired.

   **2.** Defendant:  None.

   **3.** Other party

   4.  Any further motions in limine should be filed with the Court not later than 14 calendar days before trial; responses should be filed not later than 7 calendar days after such a motion is filed.  Replies are optional, a Notice of Completion of Briefing is not required, and the Court may rule upon a motion in limine based upon the motion and response.

> **Deleted:** The briefing package must be complete and filed with the Court by _____.¶

## VIII.  DISCOVERY

**A.  Has discovery been completed?** _X____  Yes  _____  No

If no, discovery terminates on _____.

**B.  Are there any discovery matters of which the Court should be aware?**  Magistrate Judge Svet granted Defendants' Motion to Compel Adequate Discovery Responses from Plaintiff on July 23, 2010.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A. Plaintiff's Witnesses:**

    **1.** Plaintiff will call or have available at trial the following witnesses:

    1. Plaintiff- c/o Houston Ross, 423 6th NW. Albuquerque, NM 87102, 842-5264

Plaintiff will testify about how the accident happened, his injuries and other damages as set forth in Exhibit C to Defendants' Motion to Compel Adequate Discovery responses From Plaintiff (herein after Motion to Compel) Answer 7 and 9. Plaintiff may also testify about the longer term impact of the injuries on his emotional state, marriage, his termination from employment at Yellow Freight in February 2006 and subsequent drug dependency.

    2. Dr. Daniel Kerlinsky – 7007 Wyoming NE, Ste. E-3, Albuquerque, NM 87109, 884-0112- will testify about the plaintiff's injuries and the treatment he provided. He may also testify about the long term impact on plaintiff's marriage, ability to hold a job and drug use as a result of the pain and depression caused by plaintiff's injuries. Will also testify about any direct or indirect referrals made to other healthcare providers and whether their care was caused by the accident and if their bills were reasonable and necessary.

    3. Dr. Elaine Papafrangos – 3901 Atrisco NW, Albuquerque, NM 87120, 462-7575- will testify about plaintiff injuries, damages and inability to work because of the accident at issue. Will also testify about any direct or indirect referrals made to other healthcare providers and whether their care was caused by the accident and if their bills were reasonable and necessary.

    **2.** Plaintiff may call the following witnesses:

    1. Elaine Berson (Hauff)- c/o Houston Ross, 423 6th St. NM Albuquerque, NM 87102, 842-5264- Elaine will testify about how she received a call from plaintiff immediately after the accident, what she saw when he arrived at the scene and issues of damages, including pain and

suffering, and how the plaintiff injuries impacted their marriage, plaintiff emotional health and drug use.

 2. Nelson Welch- 813 Augusta Hills Dr. NE, Rio Rancho, NM 87144, 771-2828- will testify that plaintiff had the right of way and that Leon was solely at fault in the accident at issue.

 3. Dr. Alicia Kerlinsky – 7007 Wyoming NE, Ste. E-3, Albuquerque, NM 87109, 884-0112- will testify about damages including the care she provided for injuries plaintiff sustained in the accident at issue.

 4. Dr. Richard Radecki- 3874 Masthead NE, Albuquerque, NM 87109, 338-2077- will testify about plaintiff's injuries, treatment and damages as a result of the accident at issue.

 5. Dr. Paul Legant- 3864 Masthead NE, Albuquerque, NM 87109, 338-6600- will testify about plaintiff's injuries, treatment and damages as a result of the accident at issue.

 6. Candace Granados or other representative of NovaCare- 4824 McMahon NW, Ste. 101, Albuquerque, NM 87114, 897-3575- will testify about plaintiff's injuries, treatment and damages as a result of the accident at issue

 7. Albuquerque Ambulance personnel- 1801 Randolph Se, Albuquerque, NM 87106, 923-6600- will testify about plaintiff's injuries, treatment and damages as a result of the accident at issue.

 8. Records custodians as warrant to provide foundation for introduction of medical records and bill and employment records.

 9. Rebuttal witnesses whose testimony cannot be anticipated at this time.

 10. 2. Garth Allen -1633 Glenmore Blvd., Greeley, CO 80631, 303-351-1234- he will testify to the extent, if any, allowed by the court.

[Deleted: d]

**B.  Defendant's Witnesses:**

   **1.**  Defendant will call or have available at trial the following witnesses:

   J.T. Hayes
   P.O. Box 1586
   Los Lunas, NM  87031-1586
   (505) 865-1033

   Mr. Hayes is a collision analyst and accident reconstruction expert.  He is expected to testify consistent with the disclosure of his testimony made in state court and he may offer other accident reconstruction opinions at trial based on the testimony of Plaintiff's accident reconstruction expert, Nelson Welch.

   **2.**  Defendant may call the following witnesses:

   Richard T. Radecki, M.D.
   Spine, Orthopedic & Rehabilitation Center
   3874 Masthead NE, Bldg. G
   Albuquerque, NM  87109

   Dr. Radecki may testify concerning his examination, assessment, diagnosis and treatment of Plaintiff David Hauff following the June 11, 2005 motor vehicle accident.  He may also offer opinions regarding the results of radiographic studies performed after the accident and regarding the reasonableness and medical necessity for treatments rendered to Plaintiff by other providers following the June 11, 2005 motor vehicle accident.

   David Hauff
   c/o Houston Ross, Esq.
   423 Sixth Street NW

>Albuquerque, NM  87102
>(505) 842-5264

Mr. Hauff may testify regarding the facts of the accident, his post-accident complaints and treatment, medical course, activities, employment, etc.

>Elaine Burson
>11924 Leah Ct. NE
>Albuquerque, NM  87112

Ms. Burson may testify concerning her observations of Plaintiff David Hauff following the subject accident, including his activities and behavior, and the reasons for their divorce.

>Paul Legant, M.D.
>700 Lomas Blvd. NE
>Three Woodward Center
>Albuquerque, NM  87102

Dr. Legant may testify concerning his examination, diagnosis and treatment of Plaintiff David Hauff following the subject accident.

>Elaine Papafrangos, M.D.
>3901 Atrisco NW
>Albuquerque, NM  87120
>(505) 462-7575

Dr. Papafrangos may testify concerning Mr. Hauff's medical history, symptoms and treatment.

>Daniel Kerlinsky, M.D.
>7007 Wyoming NE
>Albuquerque, NM  87112
>(505) 884-0112

Dr. Kerlinsky may testify regarding David Hauff's medical history, treatment, diagnosis

and prognosis.

## X. TRIAL PREPARATION

A.  **Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file an original plus three (3) copies of the parties' " consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections," including the basis of the objections, no later than __21____ calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than __21____ calendar days before trial.  An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.  In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers, along with a CD or other memory device containing the exhibit list(s) in WordPerfect or Microsoft Word.

All exhibits must be marked **before** trial.  Exhibits must be marked numerically, e.g., Plaintiff takes numbers 1-50 and Defendant takes numbers 51-100, and should not identify the party offering the exhibit.  The identification number will remain the same whether the exhibit is admitted or not.

B.  **Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by _____21 calendar days before trial_____.  Witness

lists also should be submitted on a CD or other memory device in WordPerfect or Microsoft Word. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony, including the specific basis of the objections, are due within fourteen (14) calendar days of service of the witness list. The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least __7__ calendar days before trial.

**C. Voir Dire.**

    **1.** If allowed, do the parties wish to participate in *voir dire*?

        Plaintiff    ___X__ Yes    _____ No

        Defendant  __X___ Yes    _____ No

        Other Party  _____ Yes    _____ No

    **2.** Each party wishing to participate in *voir dire* must serve on all parties and file with the Clerk, a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire* questions. This request must be filed at least __21__ calendar days prior to jury selection.

**D. Jury Instructions and Verdict.**

    **1. In General.** The parties must confer about proposed jury instructions and make a good-faith effort to agree.

    **3. Submission of Proposed Instructions.** The parties must submit one mutually

**Deleted:** The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Clerk. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses. ¶
**2. Sources for Instructions.** If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

13

approved set of jury instructions no later than at the Pretrial Conference. For those few instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4. Form of Instructions.**

    **a.** Submit sets of double-spaced instructions as follows:

         2  set(s) with citations and numbered accordingly, one of which will be filed.

    **b.** Submit all instructions in a format compatible with Word Perfect or Microsoft Word on a CD or other memory device.

    **c.** Submit no more than one instruction to a page. Pattern instructions should be identified.

    **d.** All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction. Be sure to include and identify pertinent authority, i.e., Supreme Court, Tenth Circuit, or New Mexico authority. Use pin cites for cases cited.

    **e.** Submit a cover sheet on all sets of instructions.

**5. Deadlines for Submitting Instructions.**

    **a.** Instructions shall be filed the Pretrial Conference.

    **b.** Supplemental unanticipated jury instructions may be submitted at trial. Please include a cover sheet.

**E. Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will



Deleted: calendar days before trial

Deleted: ___ set(s) of originals without citations and headed "Instruction No.___"; and

Deleted: If requested, also s

Deleted: Please refer to the procedures, available on our website, for electronically submitting proposed text.

Deleted: calendar days before trial

14

be read to the jury panel during jury selection.  The statement must be submitted to the Court __21__ days before jury selection.

**F.  Submissions for Bench Trials. N/A**

    **1.**  The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than ____ calendar days before trial.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

    **2.**  If requested, submit the findings of fact and conclusions of law in a format compatible with WordPerfect.  Please refer to the procedures, available on our website, for electronically submitting proposed text.

**G.  Trial Briefs.  The parties may submit optional trial briefs not to exceed fifteen pages 21 calendar days before trial.**

### XI.  OTHER MATTERS

**A.  Settlement Possibilities.**

    **1.**  The possibility of settlement in this case is considered:

Defendant: _____ Poor  __X__ Fair  _____ Good  _____ Excellent  _____ Unknown

Plaintiff: _____ Poor  _____ Fair  _____ Good  _____ Excellent  __X__ Unknown

    **2.**  Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes  __X__ No  If yes, when? _____

If a settlement conference has already been held, indicate approximate date.  May 26, 2010.

Would a follow-up settlement conference be beneficial? _____ Yes __X___ No

**3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?  If yes, please identify.

_____ If no, explain why not._____

**B.  Length of Trial and Trial Setting.**

    **1.** This action is a     _____ Bench trial    __X___ Jury Trial    _____ Both

    **2.** The case is set for trial on <span style="color:red">Tuesday, January 4, 2011 at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM</span>_____.  If there is no setting, the parties estimate they will be ready for trial by _November 1, 2010.

    **3.** The estimated length of trial is ___2-3_____ day(s).

## XII.  EXCEPTIONS

## XIII.  MODIFICATIONS-INTERPRETATION

    The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

    The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 26th day of July, 2010.

    <u>Plaintiff's Portions submitted to Counsel for Defendant on 7/26/10</u>

        Houston Ross
        423 Sixth Street NW
        Albuquerque, NM  87102
        (505) 842-5264
        *Attorney for Plaintiff*


        /s/ Robert A. Corchine
        Robert A. Corchine
        Steven J. Leibel
        DINES & GROSS PC
        6301 Indian School Road NE
        Albuquerque, NM  87110
        (505) 889-4050
        *Attorneys for Defendant*


Dated: July 27, 2010_____


/s/ Paul Kelly, Jr._____
 UNITED STATES CIRCUIT JUDGE  [Deleted: DISTRICT]
Sitting by Designation