IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID HAUFF,<br><br>      Plaintiff,<br><br>vs.<br><br>MORGAN PETTERSON and<br>SAFECO INSURANCE COMPANY<br>OF AMERICA,<br><br>      Defendants. | No. 1:09-cv-00639 PJK-DJS |

ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Exclude Testimony of Plaintiff's Expert Garth H. Allen filed June 24, 2010. Doc. 59. Upon consideration thereof, the motion is well taken and should be granted.

Under Fed. R. Evid. 702, this court "must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact." United States v. Rodriguez-Felix, 450 F.3d 1117, 1122 (10th Cir. 2006); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 151-53 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993).

Defendants seek to exclude several areas of anticipated opinion testimony by Mr. Allen: (1) opinions concerning the tax consequences of personal injury settlements; (2) an opinion that Safeco's settlement offers were unreasonably low; (3) an opinion that Safeco refused to "stack" Mr. Hauff's uninsured motorist bodily injury coverage; (4) an opinion that Safeco's communications delays constituted bad faith; and (5) an opinion that New Mexico requires insurance companies to adjust, settle, and pay lost wage claims based on "pre-tax" dollars. Doc. 59 at 2.

First, this motion is moot to the extent that it seeks to exclude testimony relating to Plaintiff's extra-contractual claims, which have been eliminated. See Doc. 77 at 21, Doc. 80 at 4. Because Mr. Allen's opinions regarding Safeco's settlement offers, stacking decision, and communications delays concern the extra-contractual claims, Doc. 68 at 4-7, they are no longer relevant. See Fed. R. Evid. 401 & 402. Further, to the extent that Mr. Allen's opinions on Safeco's settlement offers relate to the remaining contract claim, that is an ultimate issue for the jury to decide. See Specht v. Jensen, 853 F.2d 805, 808-09 (10th Cir. 1988) (en banc).

The remainder of Mr. Allen's challenged testimony concern his legal opinions on tax and New Mexico insurance law and shall be excluded. Mr. Allen lacks specific knowledge of New Mexico insurance law or practices, Doc. 59-1 (Ex. A) at 3, 10, so that testimony would not assist the jury. See City of Hobbs v.

Hartford Fire Ins. Co., 162 F.3d 576, 586-87 (10th Cir. 1998).  Nor has Plaintiff demonstrated Mr. Allen's specific knowledge of tax law.  See Doc. 68 at 4.  The court has already found Mr. Allen's tax analysis lacking.  Doc. 28 at 20 & n.4.  Mr. Allen's rudimentary Internet search methods are unreliable.  Doc. 59 Ex. A at 7.  In any case, the role of instructing the jury on the law belongs to the trial judge, not an expert.  Specht, 853 F.2d at 808.

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants' Motion to Exclude Testimony of Plaintiff's Expert Garth H. Allen filed June 24, 2010 (Doc. 59) is granted.

    DATED this 1st day of September 2010, at Santa Fe, New Mexico.

                                                                       _____
                                                                         United States Circuit Judge
                                                                         Sitting by Designation