IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID HAUFF,<br><br>      Plaintiff,<br><br>vs.<br><br>MORGAN PETTERSON and<br>SAFECO INSURANCE COMPANY<br>OF AMERICA,<br><br>      Defendants. | No. 1:09-cv-00639 PJK-DJS |

ORDER

THIS MATTER comes on for consideration of various pending motions in limine.  Docs. 54, 55, 56, 57.  After several of these motions were filed, the court granted summary judgment in favor of Defendant Safeco on all extra-contractual claims against it, and in favor of Defendant Petterson on all claims against her. Doc. 77 at 21.  Thus, all that remains in the case is Plaintiff's contractual uninsured motorist (bodily injury) benefits claim based upon bodily injury sustained by Mr. Hauff and caused by the accident.  Doc. 80 at 4; Doc. 55 at 3 (policy).  It appears that Plaintiff is also seeking punitive damages on his contractual claim.  Doc. 80 at 4.

    A.  *Defendants' Motion in Limine to Exclude Testimony of Houston Ross*

filed June 22, 2010.  Doc. 54.

Defendants seek an order precluding Plaintiff's attorney, Houston Ross, from injecting fact or opinion evidence in the trial through argument, examination of witnesses, or exhibits.  In general, an attorney may not act as both an advocate and a necessary witness to contested matters.  N.M. R. Prof'l Conduct 16-307(A).  Defendants point out that attorney Ross has never been designated as a fact or expert witness.  Mr. Ross maintains that he is solely an advocate and that his communications are part of the case.  Doc. 62 at 2.

This motion may be moot given the elimination of the extra-contractual claims including bad faith.  See Doc. 54 at 1.  In the alternative, Mr. Ross as counsel may not testify as to any contested matters.  With that understanding, the court denies the motion and reminds Defendant Safeco that it must object at trial to any questions or argument from Mr. Ross which it perceives as injecting fact or opinion testimony into the case.

B.  *Defendants' Motion for Separate Trials and Motion in Limine* filed June 22, 2010.  Doc. 55.

Defendants seek an order bifurcating the trial, see Fed. R. Civ. P. 42(b), with the Plaintiff's claim for contractual uninsured motorist benefits being tried first.  This motion is denied as moot given summary judgment on all of the extra-contractual claims.

C.  *Defendants' First Motion in Limine* filed June 24, 2010.  Doc. 56.

Defendants seek an order excluding several items of evidence.

1. *Copies of e-mails from Plaintiff's counsel to Defendant Petterson purporting to state what legal duties are owed by Safeco with respect to the investigation, handling, adjustment and payment of Plaintiff's uninsured motorist bodily injury claim.* Though this appears to be directed to the extra-contractual claims on which summary judgment was granted, the court grants exclusion of this evidence on relevance grounds. Fed. R. Evid. 401 & 402. Although Mr. Ross frequently expressed his view that the insurer was not acting in good faith, those communications should not be placed before a jury. Though they may be part of the claims file, they are not relevant to the contractual claim. Even if they were, such statements should be excluded pursuant to Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The court is the expositor of the law; statements by counsel (understandable in the adjustment process) are not the proper source of the jury's knowledge about the standards the insurer is held to.

2. *Asset or net worth information for any entity other that Safeco Insurance Company of America.* Defendants argue that Plaintiff intends to rely upon financial information for Safeco Corporation regarding punitive damages and Safeco Corporation is not a named defendant thus the information is not relevant and prejudicial. The court will reserve on this item.

3. *Evidence of Safeco Insurance Company of America's financial wealth,*

*assets, gross and/or net worth.*  Defendants argue that this information should be excluded until after Plaintiff has met his burden of making a prima facie showing for recovery of punitive damages.  Though this appears directed to the extra-contractual claims that are no longer in the case, Doc. 56 at 3, the court will reserve on this as part of any possible punitive damages claim.

4.  *Post-suit offers of settlement or compromise, as well as any settlement negotiations, including the mediation.*  Defendants argue that this evidence falls plainly within the exclusion in Fed. R. Evid. 408 of offers to compromise.  Apparently Defendants made two offers of judgment while the case was in state court and one offer during a settlement conference in federal court.  Doc. 67 at 2.  Plaintiff argues that these offers "should be admitted, not to prove that [sic] the defendants' liability under the policy claim, but for the limited purpose of proving that Safeco failed to process plaintiff's claim fairly and in good faith when they failed to make a reasonable settlement offer prior to litigation."  Doc. 67 at 2, 4.  As the extra-contractual claims have been eliminated, this evidence is not relevant given Plaintiff's stated purpose in seeking its admission.  In the alternative, the court will grant exclusion of this evidence on the basis of Fed. R. Evid. 408(a).

5. *Evidence of Safeco's adjustment and settlement practices for uninsured motorist bodily injury claims in states other than New Mexico.*  Defendants argue that this evidence is not relevant, and prejudicial.  See State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 420-21 (2003).  Plaintiff claims that the evidence

is relevant on the claims involving bad faith. Doc. 67 at 4 (citing N.M. UJI 13-1705) (industry customs are evidence of good or bad faith). As the claims involving bad faith have been eliminated, the stated purpose for this evidence is no longer relevant. To the extent that Plaintiff may seek to introduce such evidence as a part of the remaining case, the court will reserve.

      6. *The policy limits of Plaintiff's policy.* Defendants argue that policy limits evidence should be excluded because it is not relevant and is prejudicial. It seems apparent that the purpose Plaintiff had in mind for this information was to prove bad faith in adjusting his claim, and to support his theory that Defendants' initial offer was made without "stacking" his policies ($25,000 x 3). See Doc. 67 at 4-5. As the claims involving bad faith have now been eliminated, it is doubtful whether this evidence is relevant. The court will exclude the evidence as to the remaining contractual claim as not relevant (the policy limits do not suggest the value of Plaintiff's claim). Fed. R. Evid. 402. Moreover, this information might unfairly suggest an amount of an award to the jury. Fed. R. Evid. 403.

      7. *The law regarding whether lost wages paid on account of personal injuries is not excludable as gross income for tax purposes or that the Plaintiff would have been subject to double taxation on any personal injury settlement.* Plaintiff contends that "Whether the lost wages were not taxable and whether Safeco committed bad faith when it appropriated the benefit from the tax policy for itself, are key factual issues in this case and the evidence on these issues

should be placed before the jury for its determination." Doc. 67 at 5. To the extent this evidence pertains to the claims involving bad faith, it is not relevant as those claims have been eliminated. The taxability of lost wages is an issue of law for the court and the jury may be appropriately instructed. This evidence will be excluded.

D. *Plaintiff's Motion in Limine* field June 24, 2010. Doc. 57.

1. *Any evidence that Plaintiff was on his cell phone at the time of the accident.* Plaintiff argues that this evidence is based upon the testimony of the uninsured driver who will not testify at trial, and that any such statement in the police report is hearsay. Although Defendants do not now contest the exclusion of evidence or argument on this point, Defendant Safeco might seek reconsideration at trial. Doc. 69 at 1. The court will reserve ruling on any such evidence.

2. *Any evidence that Plaintiff's lost wages or medical bills were paid by collateral sources.* The court will deny this request to the extent that Safeco paid $5,000 of Plaintiff's medical bills under the medical payments coverage portion of the policy. The policy specifically precludes duplicate payments under the medical payments and uninsured/underinsured coverages so Safeco is entitled to rely upon this payment as reducing any obligation under the uninsured/underinsured portion of the policy. Doc. 69-1 (Ex. 1) at 4 (Part C, Limits of Liability, § E); see Fickbohm v. St. Paul Ins. Co., 63 P.3d 517, 521-22

(N.M. Ct. App. 2003) (enforcing non-duplication provision).  Insofar as Mr. Hauff received disability insurance payments from another source, Defendants apparently do not oppose this request, so that evidence will be excluded.

3. *Evidence that Plaintiff was arrested or convicted of misdemeanor DWI or that several years after the accident at issue he allegedly became addicted to prescription or illegal drugs.*  Plaintiff argues that the DWI evidence should be excluded as impeachment evidence under Fed. R. Evid. 609(a) and that the addiction evidence is not relevant or unfairly prejudicial.  Fed. R. Evid. 402, 403.  Defendants contend that this evidence is relevant to any claim for damages (including contract damages).  The court will reserve on this evidence.

4. *Evidence that under the New Mexico Worker's Compensation Act, wrongful death cases, FELA or federal worker compensation type cases that "net wages" are paid.*  It appears that this evidence pertains to the extra-contractual claims which have been eliminated.  To the extent that this is an issue in the contract claim, the court will reserve.

The court reminds counsel of the necessity to offer evidence and properly object.  Fed. R. Evid. 103(a).

NOW, THEREFORE, IT IS SO ORDERED, ADJUDGED and DECREED that:

(1) Defendants' Motion in Limine to Exclude Testimony of Houston Ross filed June 22, 2010 (Doc. 54) is denied as moot, but in the alternative, Mr. Ross

may not testify as to any contested matters;

(2) Defendants' Motion for Separate Trials and Motion in Limine filed June 22, 2010 (Doc. 55) is denied as moot;

(3) Defendants' First Motion in Limine filed June 24, 2010 (Doc. 56) is granted in part and the court excludes evidence of copies of e-mails from Plaintiff's counsel to Defendant Petterson purporting to state Safeco's legal duties, post-suit offers of settlement or compromise, the policy limits of Plaintiff's policy, and any evidence suggesting that lost wages paid on account of personal injuries are not excludable from gross income and are taxable.  The court reserves ruling on the admissibility of evidence of asset or net worth information for any entity other than Safeco Insurance Co. of America, as well financial wealth, assets, gross and/or net worth information for Safeco Insurance Co. of America, and evidence of Safeco's adjustment and settlement practices for uninsured motorist bodily injury claims in states other than New Mexico (to the extent that Plaintiff seeks to introduce it as part of his contract claim); and

(4) Plaintiff's Motion in Limine filed June 24, 2010 (Doc. 57) is granted in part and the court excludes evidence that Plaintiff received disability payments from another source.  The motion is denied as to evidence of Safeco's payments of Plaintiff's medical bills under the medical payments portion of the policy.  The court reserves ruling on the admissibility of evidence that Plaintiff was on his cell phone at the time of the accident, evidence of Plaintiff's DWI arrest and

conviction or addiction to prescription or illegal drugs, and evidence that "net wages" are paid in other types of cases (to the extent that Defendant seeks to introduce it in defending against the contract claim).

DATED this 2nd day of September 2010, at Santa Fe, New Mexico.

_____
Paul Kelly J.
United States Circuit Judge
Sitting by Designation