IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

DAVID HAUFF,

      Plaintiff,

vs.                                                    No. 1:09-cv-00639 PJK-DJS

MORGAN PETTERSON and
SAFECO INSURANCE COMPANY
OF AMERICA,

      Defendants.

---

ORDER

---

THIS MATTER comes on for consideration of Plaintiff's Rule 54 Motion
for Entry of Final Judgment in Favor of Morgan Petterson and Safeco as to All
Bad Faith Claims filed September 7, 2010.  Doc. 84.  Plaintiff argues that Rule
54(b) certification is warranted because (1) all claims against Defendant Petterson
have been resolved, (2) the remaining contract claims running against Defendant
Safeco are separate and distinct from the various bad faith claims, and (3)
certification will facilitate settlement and probably will avoid a trial.  Doc. 85 at
4-5.  See Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265
(10th Cir. 2005) (requiring a court to consider finality and "no just reason for
delay" prerequisites of Rule 54(b) before certifying).  The court exercises its

discretion in accordance with <u>Curtis-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7-8 (1980).  Courts are understandably reluctant to certify insurance disputes when unresolved issues (e.g. bad faith or indemnity) could generate successive appeals.  <u>See</u> <u>Old Republic Ins. Co. v. Durango Air Serv., Inc.</u>, 283 F.3d 1222, 1225 (10th Cir. 2002); <u>Horn v. Transcon Lines, Inc.</u>, 898 F.2d 589, 592-93 (7th Cir. 1990); <u>United States v. Merchants Mut. Ins. Co.</u>, 2007 WL 2363134, at *2 (D.N.J. 2007).  That is the case here.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Plaintiff's Rule 54 Motion for Entry of Final Judgment in Favor of Morgan Petterson and Safeco as to All Bad Faith Claims filed September 7, 2010 is denied.

DATED this <u>13th</u> day of September 2010, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation